

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1246-18

**LYDIA METCALF, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### PANOLA COUNTY

**KEEL, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I concur in the majority's judgment; the evidence was legally insufficient to convict Appellant as a party to her husband's sexual assault of her daughter. Viewed in the light most favorable to the conviction, the evidence would not have authorized a rational jury to find that Appellant acted with the intent to promote or assist the commission of an offense against her daughter. *See* TEX. PENAL CODE § 7.02(a). But I disagree with the majority's suggestion that the State had to prove that Appellant intended

to promote or assist the specific offense committed by her husband. The State did not bear that burden because of the law of transferred intent.

A person is criminally responsible for causing a result if the only difference between what happened and what she desired, contemplated, or risked is that a different offense was committed. TEX. PENAL CODE § 6.04(b)(1). Thus, if a defendant intends to promote or assist the commission of one crime, but her co-defendant commits a different crime, that difference does not shield her from party liability.

So, in this case if the evidence had shown that Appellant acted with the intent to promote or assist her husband's commission of one type of sexual assault, but he actually committed a different type of sexual assault, the difference between what she intended to promote or assist and what he actually did would not have shielded her from liability; she still would have been guilty of sexual assault, provided that the other elements of party liability were met. *See* TEX. PENAL CODE §§ 6.04(b)(1), 7.02(a).

To the extent that the majority opinion suggests that Appellant had to act with the intent to promote or assist a particular sexual assault, I disagree. Consequently, I concur only in the majority's judgment.

Filed: April 1, 2020

Publish